<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

PTAH HERU RA OSIRIS, et al.,  :
                              :  Civil Action No. 05-3300 (FLW)
            Plaintiff,        :
                              :
            v.                :  **OPINION**
                              :
DEVON BROWN, et al.,          :
                              :
            Defendants.       :

**APPEARANCES:**

> PTAH HERU RA OSIRIS, Plaintiff <u>pro se</u>
> HIRAM ABIFF, Plaintiff <u>pro se</u>
> OSIRIS PTAH, Plaintiff <u>pro se</u>
> South Woods State Prison
> P.O. Box 6000
> Bridgeton, New Jersey 08302

**WOLFSON**, District Judge

Plaintiffs, Ptah Heru Ra Osiris, Hiram Abiff, and Osiris Ptah, currently confined at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey, seek to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983.[1]  Based on Osiris Ptah's affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Mr.

---

[1]  Only Osiris Ptah submitted a complete <u>in forma pauperis</u> application, on or about July 25, 2005.  The remaining plaintiffs, Hiram Abiff and Ptah Heru Ra Osiris signed the Complaint, but they failed to either prepay the filing fee or submit an application to proceed <u>in forma pauperis</u>, as directed by this Court's Order issued on July 15, 2005.  Therefore, these plaintiffs shall be deemed withdrawn from the Complaint.

Ptah's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim.

## I.  BACKGROUND

The Complaint alleges that the plaintiffs, members of the Moorish nation or "Moorish Amexem", are political prisoners at SWSP, and that the defendants do not have jurisdiction over them. It appears that they seek their release from state custody based on their Moorish heritage.  They do not request damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss

any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

---

[2]  Plaintiffs should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that the plaintiffs have filed any lawsuits which were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

3

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   ANALYSIS

The "Complaint" is styled as a civil rights action in which the plaintiffs allege that their incarceration violates national and international treaties and constitutions.  The Complaint does not seek damages, but instead appears to seek release from state custody on the grounds that the defendants do not have jurisdiction over the Moorish Amexem.  It appears that Ptah is a convicted state prisoner.

Ptah essentially argues that he is immune from the laws of the United States because he is a Moorish citizen.  However, he is unable to establish any basis for this claim.  First, all citizens of the United States are subject to American laws, and there is no indication that Ptah is not a United States citizen other than his claim that his nationality is Moorish Amexem.

Second, even if Ptah is a Moorish citizen, he is an alien under United States law, and as an alien, he must obey the laws of the United States.[3]  While residing in the United States, plaintiff has a duty to conform to the laws of this country. Aliens residing in the United States do not differ materially from native or naturalized U.S. citizens.  See Leonard v. Elay,

---

[3]  An alien is defined as "any person who is not a citizen or a national of the United States," 8 U.S.C. § 1101(a)(3), and "one who has voluntarily relinquished citizenship." 8 U.S.C. § 1481.

5

151 F.2d 409 (10th Cir. 1945); <u>Khattab El I v. United States</u> <u>Justice Dep't</u>, 1988 WL 5117 at *2 (E.D. Pa. Jan. 22, 1988).

Third, Ptah alleges no facts to establish diplomatic immunity from prosecution in the United States.  Only designated representatives such as diplomats and ministers recognized by the U.S. Department of State are entitled to immunity from prosecution under the Vienna Convention on Diplomatic Relations, April 18, 1961, Art. IV, 23 U.S.T. 3227, and the corresponding federal statute, 22 U.S.C. §§ 254a-254e.  Ptah cannot unilaterally assert diplomatic immunity.  <u>United States v.</u> <u>Lumumbra</u>, 741 F.2d 12, 15 (2d Cir. 1984).  Further, the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims.  <u>Khattab El I</u>, 1988 WL 5117 at *2.

Thus, the Complaint is devoid of allegations that would support a federal civil rights claim.  Finally, it should be noted that Ptah is a convicted state prisoner.  Accordingly, if by this action Ptah attempts to challenge his state conviction, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional, statutory, or treaty law.  <u>Preiser v.</u> <u>Rodriguez</u>, 411 U.S. 475 (1973).  However, as the sole ground for relief is the frivolous claim that Ptah is immune from the laws

of this country because he is a member of the Moorish Nation, the Complaint will be dismissed with prejudice.  There is simply no basis in law or fact for plaintiff's claim.

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed in its entirety with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and 1915A(b)(1).  An appropriate order follows.


<u>S/Freda L. Wolfson</u>
FREDA L. WOLFSON
United States District Judge

Dated: August 24, 2005

7