**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
PTAH HERU RA OSIRIS, et al.,        :
                                    :   Civil Action No. 05-3300 (FLW)
            Plaintiffs,             :
                                    :
      v.                            :            **O P I N I O N**
                                    :
DEVON BROWN, et al.,                :
                                    :
            Defendants.             :
_____:

**APPEARANCES**:

   PTAH HERU RA OSIRIS, Plaintiff pro se
   South Woods State Prison
   P.O. Box 6000
   Bridgeton, New Jersey 08302

**WOLFSON**, District Judge

   This matter comes before the Court on the submission by plaintiff, Ptah Heru Ra Osiris, of a proposed Amended Complaint after this Court dismissed the initial Complaint, on August 24, 2005, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff filed the proposed amended Complaint without seeking leave of the court to do so.  Nevertheless, the Court will construe the submission as a request to file an amended complaint, and will deny the motion for the reasons set forth below.

DISCUSSION

In the initial Complaint, the plaintiff[1] alleged that he is a member of the Moorish nation or "Moorish Amexem", is a political prisoner at South Wood State Prison, and that the defendants do not have jurisdiction over him. Plaintiff sought release from state custody based on his Moorish heritage. Plaintiff did not request damages.

This Court dismissed the original Complaint as devoid of allegations that would support a federal civil rights claim. There was no indication that plaintiff is not a United States citizen other than his claim that his nationality is Moorish Amexem, and thus, he is subject to the laws of this country. Moreover, even if plaintiff is a Moorish citizen and an alien under United States law, he has a duty to conform to the laws of the United States while residing here.[2] Further, plaintiff alleged no facts to establish diplomatic immunity from

---

[1] In an Order issued on August 24, 2005, the other named plaintiffs were deemed withdrawn from the Complaint because they failed to submit complete in forma pauperis applications or pay the filing fee as directed by this Court's Order of July 15, 2005. (Docket Entry Nos. 2 and 9).

[2] An alien is defined as "any person who is not a citizen or a national of the United States," 8 U.S.C. § 1101(a)(3), and "one who has voluntarily relinquished citizenship." 8 U.S.C. § 1481. Aliens residing in the United States do not differ materially from native or naturalized U.S. citizens. See Leonard v. Elay, 151 F.2d 409 (10th Cir. 1945); Khattab El I v. United States Justice Dep't, 1988 WL 5117 at *2 (E.D. Pa. Jan. 22, 1988).

prosecution in the United States.  Only designated representatives such as diplomats and ministers recognized by the U.S. Department of State are entitled to immunity from prosecution under the Vienna Convention on Diplomatic Relations, April 18, 1961, Art. IV, 23 U.S.T. 3227, and the corresponding federal statute, 22 U.S.C. §§ 254a-254e.  Plaintiff cannot unilaterally assert diplomatic immunity.  <u>United States v. Lumumbra</u>, 741 F.2d 12, 15 (2d Cir. 1984).  Moreover, the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims.  <u>Khattab El I</u>, 1988 WL 5117 at *2.

Finally, the Court held that plaintiff must first exhaust his state court remedies, and then, if appropriate, file a federal habeas petition if he wished to challenge his state court conviction on grounds of federal constitutional or treaty law violations.  However, because the sole ground in the Complaint was plaintiff's claim that he is immune from the laws of the United States as a member of the Moorish Nation, this Court dismissed the Complaint with prejudice because the claim had no basis in law or fact.

In his amended Complaint, plaintiff fails to allege new facts or claims different than that alleged in the first Complaint.  Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading by leave of court, and "leave shall be

freely given when justice so requires." Leave should be freely given in the absence of evidence of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of amendment." United States v. Duffus, 174 F.3d 333, 336 (3d Cir.), cert. denied, 528 U.S. 866 (1999). Here, as expressed in this Opinion, the amended Complaint, which does not allege anything different from the first Complaint already dismissed by this Court, is clearly an exercise in futility because it fails to state any cognizable claim for relief. Therefore, leave to amend the Complaint will be denied.

## CONCLUSION

For all of the above reasons, this Court will deny the motion to amend the Complaint as it fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(E)(2)(b)(ii) and 1915(b)(1).

```
                                s/Freda L. Wolfson
                                FREDA L. WOLFSON
                                United States District Judge
DATED: January 24, 2006
```